# Grant Groves, Appellee, v. The Oil Belt Traction Company, Appellant.

1. APPEALS AND ERRORS—*when sufficiency of evidence presented for review.* A motion for a new trial based upon the ground that the verdict of the jury was contrary to the law and the evidence is sufficient, together with an exception to its being overruled, to save for review the question as to whether or not the evidence is sufficient to warrant the verdict rendered.

2. BROKERS AND FACTORS—*what essential to recovery of commissions.* In order to recover commissions it is essential that the broker assume the burden of proof and establish by a preponderance of the evidence that he was the procuring cause of the sale effected.

Assumpsit. Appeal from the Circuit Court of Crawford county; the HON. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 21, 1912.

: F. G. VIGER and CALLAHAN, JONES & LOWE, for appellant.

BRADBURY & GAINES, PARKER & EAGLETON and GEORGE W. JONES, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This was an action brought by the appellee against the appellant to recover commissions upon the sale of stock. Judgment was rendered in favor of the appellee for $1,336.66, from which judgment the appellant prosecuted this appeal.

The principal facts out of which this controversy arose are, that on June 16, 1909, the appellant, Oil Belt Traction Company, passed a resolution appointing the appellee sales agent to sell the capital stock of said company, and authorized him to appoint agents to assist in the selling thereof, for which they agreed to

pay commissions, five per cent to appellee and five per cent to the person making such sales, and that appellee should make a weekly statement to the secretary of the company; the commissions to be paid five per cent from the money received from the first call of the board of directors, and five per cent when the stock is issued. Appellee immediately entered upon the discharge of his duties, went to Bridgeport and other places and solicited many persons to purchase the stock of this company, and also appointed some agents to co-operate with him in the sale of the stock, and made some sales which were reported to the company. On July 13, 1909, the appellee was discharged from such services by appellant. The appellee now seeks to recover a balance due him upon stock that had been sold by him and his agents, also commissions upon sales to persons who had been solicited to purchase by appellee and sales completed by the appellant after appellee's discharge. The several counts of the declaration vary somewhat in the details of their recital but are substantially the same, and allege the employment of appellee on June 15, 1909, for a period of six months, and authorize and empower him to make sales of the capital stock of appellant and to employ such sub-agents as necessary or expedient, and agreed to pay him ten per cent of the par value of all stock that might be sold by him to persons other than the members of the board of directors, and five per cent par value of all stock sold by his sub-agents; that the appellee entered upon the discharge of his duties as such sales agent and was at all times ready and willing to perform the duties of such employment and comply with the terms of his contract; that he went to Bridgeport, in the county of Lawrence, Casey, in the county of Clark, and divers other places, and solicited divers persons to become purchasers of the capital stock, and interested such persons in the purchase of a large

number of the shares of such stock, to wit, $135,000 par value.

The declaration then alleges that after the plaintiff had so interested said persons in the purchase of said shares of stock, and prior to such sales of capital stock being completed, and before said shares of capital stock had been issued to said persons, to wit, on the first day of July, 1909, the plaintiff was wrongfully discharged by the defendant as aforesaid. That thereafter and prior to the bringing of this suit the defendant completed the sale of said shares of capital stock to the persons who had become interested by means of the plaintiff as aforesaid, and sold and delivered to said persons capital stock of the par value of, to wit, $135,000; by means whereof plaintiff became entitled to commissions on said sales in a large sum of money, to wit, $13,500, by means whereof the defendant became indebted to the plaintiff in the sum of $13,500 and promised to pay the same when requested.

Some counts of the declaration also aver that a large number of the persons so solicited by the plaintiff to become purchasers of the said stock, were ready and willing to conclude the purchase for a large number of the shares, to wit, 13,500 at the par value of $135,000, but that the defendant refused to permit the plaintiff to complete said sales.

Several assignments of error have been made upon this record but in the view we take of the case it is only necessary to consider the sixth and seventh assignments, wherein it is alleged that the court erred in overruling the motion of the defendant to set aside the verdict of the jury and grant a new trial herein; and in entering judgment in favor of the plaintiff against the defendant. It is insisted by counsel for appellee that no such an assignment of error has been made and argued by appellant as would warrant the court in considering the weight of the evidence. He

insists that the only error that can be considered relates to the refusal of the court to grant the peremptory instruction at the close of plaintiff's evidence and at the close of all the evidence, and that in the granting or refusal of such instructions the trial court cannot consider the weight of the evidence. We concur with counsel in their contention that upon such motion to exclude, the weight of the evidence cannot be considered, but in this case a motion for a new trial was made and one of the grounds of the motion for a new trial was, that the verdict of the jury was contrary to the law and the evidence, and the court having overruled the motion for a new trial and the appellant having assigned error upon such overruling brings before us, as we understand the law, the question as to whether or not the evidence is sufficient to warrant the verdict rendered in favor of the appellee.

Appellant in his brief presents the evidence, and while it is true after making his collation of the facts he alleges that the court erred in not excluding the evidence and directing a verdict, he also states that the jury were fairly and fully instructed as to the law but that the verdict of the jury was plainly contrary to the law as given, and that the evidence presented to the jury was wholly insufficient to sustain the verdict; and we feel that it becomes our duty under the presentation made herein to examine into the facts and determine whether or not the verdict was manifestly against the weight of the evidence.

It will be observed that appellee, by his declaration, claims, after averring that he held public meetings and solicited divers persons to purchase this stock, that he was wrongfully discharged by appellant, and that after such discharge the appellant proceeded to and did conclude the sales of said capital stock to said persons, not members of the board of directors of the said defendant, and so solicited to become purchasers

thereof by the plaintiff, and that by means of said solicitation and by request of the plaintiff to said persons to become purchasers of said capital stock, the defendant was able to and did sell and issue to said' persons a large number of the shares of the capital stock of said defendant, and that by means thereof the plaintiff became entitled to the commissions on said sales. These allegations were material and the burden was upon the appellee to prove them.

It appears from the evidence of appellee, which is brief, that he sold Mr. Krump 10 shares; Mr. King 20 shares; J. Muchmore 5 shares; Mr. Kirk 1 share; Mr. Shirer 5 shares; Wilkin 1 share; Mr. Headley 10 shares; Mr. Randolph 5 shares; Mr. Hollis 5 shares; Mr. Cappas 10 shares; E. J. Irwin 20 shares; Sam Sincel 10 shares. That he handed the report of these sales in to the Board of Directors; and the amount of commissions that accrued to him, not including stock sold to the directors, was $1,110, which was directed by the Board of Directors to be paid to him according to the terms of the resolution employing him, and that he has received thereon $975 (rec. p. 34). Appellee then testified that he solicited the following named persons to purchase stock, with whom he had not, at the time he was discharged, been able to close the deals, to wit: Wm. Finley, Perry King, J. R. King, J. R. Seed, Mr. Ashman, Mr. Johnson, Geo. Ryan and wife, Brown Bros., Mr. Grag, Mr. Griggs, W. H. Rogers, Mr. Bunn, Jennie Seed, Wm. Seed, Orvil Buckham, Ed. Cappas, Wm. Applegate, Doc. Applegate, Mr. Fletcher, Maude Williams, Mr. Johnson, Jack Baker, Sampson Taylor, J. D. Madding, D. P. Kirkland, J. A. Leefever, Wm. Moller, Stanley Dees, O. F. Edwards, Wallace Albin.

Appellee then placed J. B. Muchmore, former secretary, upon the stand and proved by him that after the discharge of appellee the appellant sold stock to the

following named persons: D. B. Kirkland 5 shares; J. A. Leefever 2 shares; C. P. Carrollton 5 shares; Moses Dedrich 1 share; Wm. Henry 5 shares; Stanley Dees 5 shares; Wm. Mouser 5 shares; O. F. Edwards 3 shares; Grant Clark 5 shares; Wallace D. Allison 1 share; H. M. Bunn 5 shares; Jennie Seed 10 shares; Wm. Seed, Sr., 10 shares; R. O. Buck 50 shares; Ed. Cappas 4 shares.

Many of these persons testified that they never were solicited by appellee to purchase this stock, and others that any solicitations that he may have made had nothing to do with their purchase; but whatever the facts may be about this, it will be observed that only eight persons of those that appellee says he solicited are found among the purchasers of this stock after appellee's discharge, to wit: D. P. Kirkland, J. A. Leefever, Stanley Dees, O. F. Edwards, Mr. Bunn, Jennie Seed, Wm. Seed and Ed Cappas, and these are the only persons named in this record that we find purchased stock, except Wm. Findlay, about which there seems to be some uncertainty as to whether or not appellee had been paid for the sale to him. An examination of these lists will show that out of the persons solicited by appellee to buy, only eight of them afterwards purchased stock from the appellant, and the purchases made by them amounted to 44 shares of the par value of $4,400, and if appellee was allowed the total commissions thereon it would amount to only $440; allowing appellee the difference between the $1,-110, that he claims was due, and the $975 received by him, which would be $135, and the total commission upon these sales made after his discharge, which would be $400, and then add to that the commission upon the Findlay sale would make a total of only $735, and the verdict and judgment rendered in this case was $1,336.66, which as we view the evidence is largely in excess of any amount that could be due to appellee.

Under the resolution of employment and allegations of the declaration in this case it was necessary for the plaintiff not only to prove the sales but that there had been a call for the payment and money received thereon, and that the stock had been issued.

As we view the evidence as shown by the record in this case, in the most favorable view for appellee, the verdict in this case was at least $601.66 more than appellee could be entitled to and for that reason the judgment of the Circuit Court is reversed and cause remanded.

*Reversed and remanded.*